PER CURIAM.
We are confronted with a unique procedural situation. Ronald Frey commenced an action at law against Joel Strickland for money damages. Frey was represented by his attorney, J. Russell Hornsby. Their contingent fee contract provided that Hornsby would receive forty per cent of the gross proceeds of any recovery as his compensation for legal services. Strickland answered Frey’s complaint and filed his counterclaim against Frey. By agreement of the parties trial on the counterclaim was severed. Jury trial upon the issues made by Frey’s complaint and Strickland’s answer resulted in a verdict in the sum of $10,000.00 in favor of Frey. Judgment on the verdict was withheld pending disposition of the counterclaim. After three years Frey went without counsel to Strickland’s place of business to settle the case. There is much conflicting testimony as to exactly what happened with respect to Hornsby’s knowledge and participation. Frey settled with Strickland by delivering his release in exchange for $500.00. Thereafter Strickland amended his answer asserting release and satisfaction. Hornsby as attorney for plaintiff, Frey, filed a reply to the amendment alleging that the settlement was made fraudulently and collusively with the inteat *86 on the part of both parties to deprive him of his attorney’s fee. He further moved for dismissal of the counterclaim for want of prosecution and for entry of final judgment in favor of the plaintiff in the amount of the jury verdict. The court dismissed the counterclaim, denied the motion for judgment and directed that a trial be had on the sole remaining issue as to whether or not the settlement was made fraudulently and collusively with intent on the part of both parties to deprive Hornsby of his attorney’s fee. Pursuant to stipulation of the parties this issue was tried by the court without a jury with resulting detailed findings of fact resolving the conflicts against Strickland. The final judgment here appealed was entered in favor of Hornsby and against defendant Strickland in the sum of $4,000.00.
On appeal Strickland asserts one point broken down into three parts. First, he asserts that parties to litigation may settle if they act in good faith and have not made a fraudulent or collusive settlement with the intent to deprive an attorney of his fee. We agree; however, this does not require reversal of the judgment. Strickland then contends that the record does not support the court’s finding of a fraudulent or collusive settlement made to deprive Hornsby of his fee. We find substantial competent evidence to support the court’s finding. The third part of the point on appeal asserts that in the absence of contract or statute providing for recovery of attorney’s fees an attorney is not entitled to a judgment against an adverse party for his fee. In the one page of his brief devoted to this part Strickland cites the well known rule that attorney’s fees are not a portion of costs and they are not allowable unless made so by statute or contract. He then argues that the contingent fee contract did not contemplate the instant action and therefore there is no contract or statute which entitles Hornsby to recover his fee from Strickland. As thus presented Strickland has not demonstrated error which he is required to do before he is entitled to the judgment of this court reversing the judgment of the trial court deposited here with the presumption of correctness. In some circumstances an attorney will be permitted to continue a suit in the name of his client in order to recover his fees and costs after his client has made a fraudulent or collusive-settlement with the intent to deprive his attorney of fees and costs. Sentco, Inc. v.. McCulloh, Fla.1955, 84 So.2d 498. We think this was substantially done here when viewed in the light of the fact that when the counterclaim was dismissed there existed nothing except the question of the entry of judgment on the jury verdict. The proceedings here are to that ultimate effect. After an examination of the entire record' it is our opinion that the errors complained of have not resulted in a miscarriage of" justice and we affirm. See F.S. § 54.23,. F.S.A.
SMITH, C. J., and ANDREWS, J., concur.
WALDEN, J., dissents.