PER CURIAM.
The sole issue before us is whether appellant is entitled to recover attorney’s fees and costs in an action she brought against appellee for payment of an automobile loan under a credit life insurance policy. The trial court found that she was not, and in fact ordered her to pay appellee’s costs.
The record reveals that the creditor-beneficiary made a claim on the policy shortly following the death of appellant’s husband. Appellant instituted the suit after receiving a letter from appellee denying coverage under the policy. After certain discussions between the agent who had written the policy and appellee, appellee decided to pay the claim. There is no dispute that appellee issued its “claim draft” to the creditor before it received notice of appellant’s suit. It is also clear, however, that appellant did not receive word of the company’s decision to pay the claim before she brought her suit. Appellee’s agent testified that he called appellant’s home and left word of the company’s decision with her son or her babysitter but appellant denied receiving the message. The trial court made a specific finding of fact, not appealed, that appellant never actually received the message.
In view of this finding, we find no basis for the court’s denial of appellant’s costs and fees. It is clear that she was entitled to bring the suit in her individual capacity although she was not the primary beneficiary of the policy. Cincinnati Insurance Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974). It is also settled that appellant was not required to wait 60 days after the proof of loss claim to bring the suit when the company denied coverage before that period expired. Shuster v. New York Life Insurance Co., 351 So.2d 62 (Fla. 3d DCA 1977).
Appellee invited appellant’s suit when it denied coverage under the policy. Although this decision was later changed, ap-pellee failed to effectively notify appellant that the claim would be paid before the institution of her suit. While the sequence of events may be unfortunate for appellee, we find no basis for requiring appellant to pay her own costs and fees resulting from appellee’s wrongful denial of coverage. The judgment is reversed and the case remanded with instructions that judgment be entered in favor of appellant for her attorney’s fees and costs, including attorney’s fees for this appeal.
McCORD, C. J., and ERVIN, J., concur.
MILLS, J., dissents.