459 So.2d 435 (1984)
Diane Barker PATIN, F/K/a Diane Barker, Appellant,
v.
Carl A. POPINO, the Estate of Carl A. Popino, Phyllis T. Popino, Randy Rose, Richard Carmel and Rocco A. Delmonaco, Appellees.
Nos. 83-3028, 84-20.
District Court of Appeal of Florida, Third District.
November 20, 1984.
*436 Greene & Cooper and Robyn Greene, Miami, for appellant.
Ramon David Feliu, Miami, for appellees.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order denying the appellant's motion under Florida Rule of Civil Procedure 1.540 to vacate an order impressing an attorney's charging lien on the appellant's home is reversed. Even assuming, arguendo, that the appellees were entitled to recover attorneys' fees for their labors on the appellant's behalf in the underlying litigation, that litigation terminated with a final judgment of foreclosure in appellant's favor in January 1982, in which jurisdiction was reserved to enter "further orders as are proper, including, without limitation, Writs of Assistance and deficiency judgments," but not to make a post-judgment award of attorneys' fees, much less to declare a lien for the amount awarded. See Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976); McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963). It is well established that a court loses jurisdiction over a case when it enters a final judgment and the time allotted for altering, modifying or vacating the judgment expires, Town of Palm Beach v. State ex rel. Steinhardt, 321 So.2d 567 (Fla. 4th DCA 1975), and that a judgment awarding attorneys' fees after entry of a final judgment which does not contain a reservation of jurisdiction to award the fees is void. See Frumkes v. Frumkes, 328 So.2d at 35. Accordingly, we reverse the order under review with directions to grant the relief requested in the appellant's motion. Our decision is, of course, without prejudice to the appellees' right to seek to recover in an independent action any fees that may be due them from the appellant.
Reversed, with directions.