512 So.2d 1045 (1987)
Lucia Catalina VAZQUEZ, Appellant,
v.
Gustavo Armando VAZQUEZ and Marks, Aronovitz & Leinoff, Appellees.
No. 86-1958.
District Court of Appeal of Florida, Third District.
September 8, 1987.
Rehearing Denied October 13, 1987.
*1046 Allen Clements, Jr., Miami, for appellant.
Marks, Aronovitz & Leinoff, Gerald E. Rosser, Miami, for appellees.
Before BARKDULL, HENDRY and NESBITT, JJ.
PER CURIAM.
The order appealed granted, inter alia, the former wife's attorneys' motion for a charging lien against the former wife in the amount of $7,837.50. We reverse that portion of the order upon the following brief analysis. A charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983). Attorneys wishing to impose such a lien must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees, either dependent upon or out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice. See Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986) (citing Sinclair, Louis, 428 So.2d at 1385). The final judgment of dissolution of marriage in the instant case included an award of attorney's fees in favor of the former wife. The motion upon which the order appealed was granted sought "a charging lien and/or ... attorney's fees to be paid ... either by Petitioner [former wife] or Respondent [former husband]." We have carefully considered the record, briefs, and arguments of counsel and conclude that the patently ambiguous and overly broad language of that motion renders it insufficient, as a matter of law, to constitute adequate notice.
Reversed.
BARKDULL and HENDRY, JJ., concur.
NESBITT, Judge (specially concurring):
While I agree with the majority that the court's order must be reversed, I prefer to base my concurrence on different reasoning. In my opinion, the case must be reversed because the trial court did not have jurisdiction to grant the relief it granted. Once a trial court enters a final judgment and the time for filing post-trial motions has expired, the trial court may not, absent factors not present here, see e.g., Fla.R. Civ.P. 1.540, entertain any further motions in the case unless it specifically retained jurisdiction to do so in its final judgment. Keister v. Polen, 471 So.2d 656 (Fla. 4th DCA 1985); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976); see Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984). The trial court retained jurisdiction to determine the amount of attorneys' fees to which Mrs. Vazquez was entitled but never retained jurisdiction to grant a charging lien to her attorneys. Consequently, the court lacked jurisdiction to grant Mrs. Vazquez's attorneys a charging lien against her recovery eleven months after the court had entered final judgment. See Keister, 471 So.2d at 656. Of course her attorneys are free to continue to pursue their contractual remedies against Mrs. Vazquez. See Patin, 459 So.2d at 436; Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, 386 So.2d 1277 (Fla. 3d DCA 1980).