545 So.2d 503 (1989)
Diane E. HANNAH, Appellant,
v.
Lee Roy ELDER, Jr., et al., Appellees.
No. 89-0653.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Tim Morell of James and Young, West Palm Beach, for appellant.
Daniel H. Kent of Jerome L. Tepps, P.A., Fort Lauderdale, for appellee-Jerome L. Tepps, P.A.
*504 DOWNEY, Judge.
Appellant, Diane E. Hannah, has perfected this appeal from a non-final order that vacated a prior order dismissing the cause with prejudice, and ordered an evidentiary hearing on appellee's, Jerome L. Tepps, P.A. (Tepps), motion to impose a charging lien.
It appears that, while this cause remained pending, on February 14, 1989, Tepps served upon Hannah's counsel a notice of charging lien. Paraphrased, the notice stated that Tepps had represented Hannah at the commencement of her claim for personal injuries, that Hannah had received a settlement of said claim, that counsel for Hannah is not going to include Tepps in any of the settlement proceeds, and that Tepps was entitled to a lien for services rendered. Accompanying said notice of lien was a notice of hearing set for March 1, 1989.
On February 28, 1989, Hannah voluntarily dismissed this suit with prejudice. At the hearing the following day, March 1, 1989, the trial court entered the order appealed from vacating the order of dismissal and scheduling a hearing on Tepps's motion to impose the charging lien.
Hannah contends that the case was "settled" before the notice of charging lien was transmitted and the suit was closed by way of voluntary dismissal with prejudice before the scheduled hearing to impose the lien. Furthermore, Hannah says, no jurisdiction was reserved in the order of dismissal that would serve to continue the matter. Hannah relies upon Daniel Mones, P.A. v. Smith, 486 So.2d 559 (Fla. 1986). However, the case is inapposite because in Mones the suit had gone to final judgment without Mones having filed a claim for a charging lien. Thus, there was no jurisdiction to consider the matter post-judgment; whereas, in the present case the notice of lien was filed while the cause remained pending.
In a leading case on this subject, the Supreme Court of Florida stated that "there are no requirements for perfecting a charging lien beyond timely notice." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983). By her argument, it appears Hannah misunderstands the rule to require the establishment of a lien prior to dismissal of the case, which, in turn, would require proving the four elements set forth in Daniel Mones, P.A., and other cases. However, all that is required, as was done here, is for the attorney to file the notice of lien or otherwise pursue the lien in the original action. Id.
Accordingly, the order appealed from is affirmed.
ANSTEAD and DELL, JJ., concur.