HARRIS, Judge.
Fortune Insurance Company appeals the final order of the trial court directing it to pay attorney James Powers $4,995 in attorney’s fees. We reverse.
In June of 1986, Anthony Gollie was injured in an automobile accident. Gollie retained Powers to represent him on his claim against Fortune for insurance benefits in connection with this accident. In June of 1988, Gollie discharged Powers and retained attorney David Ayers. Ayers proceeded with the case against Fortune. Powers filed notice of attorney’s lien for fees and costs “against any recovery in this action.” He claimed costs of $89.00. Ayers, on September 19, 1988, offered to settle Gollie’s claim for the “balance of his PIP payment plus $500 attorney’s fees and $89.00 costs.” This offer was accepted and the settlement amount was tendered to Gollie. When Gollie was unable to resolve his attorney’s fee obligation with Powers, he filed a motion for determination of attorney’s fees alleging the settlement and asking the court’s assistance in determining the proper attorney’s fee. Fortune responded by filing a motion to enforce the settlement agreement, claiming that the issue of Powers’ fee should not prevent enforcement of the settlement agreement be *797 cause Fortune is not statutorily responsible for paying Powers’ fee.
The trial court concluded that Fortune is statutorily liable for paying a reasonable fee to the insured, Gollie, for the services Powers rendered.[1] This ruling was correct. The court then entered an order directing Fortune to pay Powers $4,995 in attorney’s fees. This ruling was in error.
The one entitled to an award of attorney’s fees under the statute is the insured not the insured’s attorney. The amount of reasonable attorney’s fees and costs, like the amount of damages for injuries, is within the power of the insured to negotiate and settle. This he admittedly did in this case. Further, Gollie did not ask to be relieved from the settlement; he merely asked the trial court to determine a reasonable fee under his obligation to his discharged attorney. This controversy was between Gollie and Powers. Instead the court ignored a principal term of the settlement and increased the attorney’s fees obligation to $5,495 and then ordered Fortune to comply with the settlement as amended.
The award of attorneys fees directly from Fortune to Powers — as was done in this case — is error and must be REVERSED.
REVERSED.
COBB, J., and HAMMOND, K.C., Associate Judge, concur.

. 627.428 ATTORNEY'S FEE. — (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.