614 So.2d 574 (1993)
Edwin R. BROWN, Appellant,
v.
VERMONT MUTUAL INSURANCE COMPANY, a corporation, Appellee.
CITY FEDERAL SAVINGS BANK, a corporation, Appellant,
v.
VERMONT MUTUAL INSURANCE COMPANY, a corporation, Appellee.
Nos. 91-515, 91-516.
District Court of Appeal of Florida, First District.
February 12, 1993.
*575 Neal D. Evans, Jr., Jacksonville, for appellants.
Frederick C. Morello of Frederick C. Morello, P.A., Daytona Beach, for appellee.
ZEHMER, Judge.
This is an appeal of a final order entered in two consolidated cases. The order denied attorney's fees and costs to Neal D. Evans, Jr., the former attorney for the nominal appellants, Edwin R. Brown and *576 City Federal Savings Bank. Evans had moved for an award of attorney's fees pursuant to section 627.428, Florida Statutes, and recovery of the costs and expenses advanced on behalf of his clients in litigating their claims against the insurer, Vermont Mutual Insurance Company. He also sought a charging lien on the proceeds of any settlement made by Vermont Mutual. We reverse and remand for further proceedings.

I.
The record on appeal in both cases reflects the following proceedings in the trial court.
In August 1989, due to the loss of his home and contents in a fire, Brown employed Evans to handle his claim for the proceeds due under his homeowner's insurance policy issued by Vermont Mutual. Brown signed a written fee contract contingent on making a recovery from the insurance company.[1]
On September 1, 1989, Evans filed a complaint for Brown against Vermont Mutual, alleging the loss of property by fire, the insurer's refusal to pay under the policy, and a claim for attorney's fees. Vermont Mutual promptly filed a motion to dismiss on grounds that the complaint failed to properly plead jurisdiction over the insurer as a foreign corporation and that the complaint failed to state a cause of action. The motion came on for hearing, and by order of November 7, 1989, the court reserved ruling and required both parties to file a memorandum of law. After receipt of the memoranda, the trial court denied the motion to dismiss by order dated December 13, 1989. Vermont Mutual then filed its answer on December 28, 1989, denying any liability to Brown, primarily on grounds that Brown might be guilty of arson and intentionally causing his own loss. On January 9, 1990, Evans filed a motion to strike certain allegations in the answer, a motion for more definite statement, and a motion for leave to amend the complaint by interlineation to add a phrase identifying additional damages. After hearing, the court entered orders on January 25, 1990, granting in part the motions for more definite statement and to strike, and also granting Plaintiff's motion (apparently made orally at the hearing) for better answers to the interrogatories to Vermont Mutual. On February 6, 1990, Vermont Mutual filed an offer of judgment in the total amount of $45,000, including all costs and attorney's fees, which was mailed to Evans as attorney for Brown. According to Evans, Brown declined to accept this offer of judgment. On February 21, 1990, Vermont Mutual filed an amended answer in which it persisted in its denial of liability to Brown if he were "involved in the arson on this residence," and alleging that Brown intentionally damaged his house. The amended answer also alleged for the first time that *577 Brown had not filed a sworn proof of loss, which amounted to the failure of a condition precedent. At the same time, Vermont Mutual filed a motion for declaratory judgment.
In the meantime, City Federal, the mortgagee on Brown's property listed as an additional insured in Brown's homeowner's insurance policy, was notified by Evans of Brown's suit against Vermont Mutual and asked if it desired to have its interests as mortgagee likewise enforced, since City Federal had not been paid any proceeds under the policy. Evans made arrangements to represent City Federal, and on January 11, 1990, filed suit on its behalf, alleging Vermont Mutual's failure to pay the policy proceeds owing to City Federal as mortgagee and requesting an award of attorney's fees. On February 22, 1990, Vermont Mutual filed an answer to the City Federal complaint, denying liability for any amount to City Federal and alleging as an affirmative defense that City Federal had not filed any sworn proof of loss. On March 1, 1990, Evans filed a motion to strike the affirmative defenses. On March 7, 1990, Evans filed a reply to the affirmative defenses, alleging that by letter of December 11, 1989, City Federal had offered to settle its claim with Vermont Mutual and "to supply it with any proof of loss or other information that it might need as a predicate to the settlement of this claim," but that Vermont Mutual ignored such offer and thereby waived the necessity of filing such proof of loss.[2]
At some point in time prior to April 1990, differences arose between Brown and Evans, and Evans contends that on March 26, 1990, Brown notified him that he was terminated as Brown's attorney in this matter. About the same time, City Federal determined that "a conflict of interest may arise from your representation of both the bank and R. Brown" and notified Evans by letter dated March 23, 1990, "that we have decided to disengage your services effective immediately." As a consequence, on April 13, 1990, Evans filed sworn motions in both cases seeking leave to withdraw as attorney of record and seeking other relief. These motions were served that date by certified mail on Brown, City Federal, and Vermont Mutual's attorney.
The motion filed in the Brown case averred, among other things, that: Evans had diligently prosecuted Brown's claim and obtained an offer of $45,000 that had been rejected by Brown; Evans had incurred expenses and advanced costs and that Brown was obligated to reimburse him for these expenses and costs and to pay him the fee that he was entitled to be paid under the contract of employment; Brown had advised Evans that he wanted to terminate Evans's services as attorney in the action; Vermont Mutual had expressed a desire to settle the suit filed by City Federal, provided City Federal gave it an assignment of City Federal's rights against Brown, and that this request gave rise to an apparent conflict of interest; Evans's discharge by Brown was without cause; and "Evans fears and has reason to fear that Plaintiff [Brown] and/or Defendant [Vermont Mutual] may take some action in this cause that might deprive him of the fee to which he is entitled in this instance and reimbursement of the said expenses and costs incurred by him." The motion requested the court: (A) to allow Evans to withdraw as attorney of record for Brown; (B) to find that Evans
has a lien against any recovery made by Plaintiff [Brown] from the Defendant [Vermont Mutual] and/or is entitled to a fee to be paid him by Defendant for his services and the costs and expenses he has incurred in this matter, and will require an appropriate bond be posted for payment of said fees, costs and expenses to which the said Evans is entitled and/or otherwise afford said attorney proper protection to insure payment of the same;
(C) to find that Evans had acted with propriety in his representation of Brown; and
*578 (D) to award further relief that the court may deem fair and proper.
The sworn motion filed in the City Federal case contained similar averments. It stated that: Evans was employed by City Federal to prosecute this action and his fee was to be contingent on effecting a recovery with the amount of such fee to be set by the court; Evans had diligently prosecuted the claim; after Evans attempted to settle the claim with Vermont Mutual and received no response to such offer, he filed the lawsuit; after service of process was effected, Vermont Mutual communicated its desire to settle with City Federal, provided City Federal assigned its rights against Brown to Vermont Mutual; such request placed him in a potential conflict of interest; City Federal had, in view of this conflict, sent him a letter dated March 23, 1990, terminating his employment as attorney in this matter; City Federal "should be able to proceed to consummate the subject agreed settlement without further intervention on behalf of" Evans; Vermont Mutual's actions "constitute a settlement and an award of an attorney's fee against it and in favor of said Plaintiff [City Federal] is mandatory. (Avila v. Latin American Property & Casualty, 548 So.2d 894 [Fla. 3d DCA 1989])" (sic); Evans had obtained this settlement and advanced certain costs and expenses for City Federal; and Evans "fears that some effort may be made to attempt to deprive him of the fee to which he is entitled in this instance and the said expenses and costs incurred by him." The motion requested the court: (A) to allow Evans to withdraw as attorney of record for City Federal; (B) to "find that the Defendant is obligated to pay said attorney a reasonable fee for his time, services, and his costs and expenses advanced and will reserve jurisdiction for the purpose of assessing the same upon proper evidence being presented to the Court"; and (C) to grant "such further relief as it deems fair and proper."
These motions apparently came on for hearing at some point (the record is silent as to when or what occurred), for on June 28, 1990, Evans filed extensive memoranda of law in support of his claim for attorney's fees, costs and expenses in both cases. The memoranda recited that Vermont Mutual represented at such hearing that it had effected a settlement and obtained a complete release from City Federal, it had no objection to Evans withdrawing as attorney of record, but opposed the court's retaining jurisdiction to award attorney's fees and costs, and that this was the first knowledge Evans had of such settlement. The memoranda further recited that Vermont Mutual had represented at the hearing that it had no objection to Evans withdrawing as attorney of record and the court's reserving jurisdiction to decide the attorney's fee and costs issues in the Brown case. The memoranda assert that Vermont Mutual would be liable for the attorney's fees and costs due on the amount of the settlement with City Federal, that in the Brown case the court should declare that Evans "has a lien against any recovery made by Plaintiff [Brown] from Defendant [Vermont Mutual] and/or is entitled to a fee to be paid him by the Defendant for his services, costs, and expenses," and that "with such an Order there will be no necessity for the bond requested in the subject motion since the Defendant Vermont will be put on notice of any such lien by such Order."
On July 3, 1990, the court entered identical orders in each case allowing Evans to withdraw as attorney of record and reserving jurisdiction "for the purpose of assessing attorney's fees and for rendering a decision as to whom (sic) shall be liable for payment of such fees to" Evans.
On July 6, 1990, Brown and Vermont Mutual presented a joint stipulation for dismissal with prejudice to the court in the Brown case, and the court signed an order dismissing "the above-captioned cause" with prejudice, even though the reserved motion for attorney's fee was still pending. There is no certificate in the record that a copy of either the stipulation or the order was served on Evans.
In December 1990, Evans filed motions in each case seeking leave of court
to proceed with this suit in the name of the Plaintiff for the purpose of protecting his interest, namely, his entitlement *579 to attorney's fees, interest on the same, and costs he advanced or expended on behalf of Plaintiff in and about the pursuit of the claim which is the subject of this litigation.
Attached to the motion filed in the City Federal case is an affidavit by Evans documenting his employment by City Federal on a contingent fee basis and averring that the fee would be that authorized and awarded under the applicable statute.
The record does not reveal whether these motions ever came on for a hearing, evidentiary or otherwise. The next item in the record is a single order filed in both cases on January 31, 1991, reciting only that "the Plaintiff's Motion for Attorney's Fees is denied." Copies of this order were sent to Evans and Vermont Mutual's attorney of record. It is this order that Evans has appealed.

II.
Evans contends, citing a number of cases from this and other jurisdictions, that in these suits by insureds to recover proceeds under the policy, Vermont Mutual cannot lawfully avoid liability for statutory attorney's fees by circumventing the attorney of record and settling the suit directly with the insured, and that "any such settlement is a fraud, intended or not, that will not be tolerated by the court" in protecting the attorney as an officer of the court. He further contends that when the client makes a fraudulent or collusive settlement intended to deprive his attorney of the fees due, the attorney will be permitted to proceed with the suit in the client's name for the purpose of protecting his interest, noting that once the attorney has appeared in pending litigation, neither the attorney nor the party may effectively terminate the attorney-client relationship without leave of court. Finally, Evans asserts that a charging lien may be perfected simply by timely giving notice of the claim, and that any settlement made after the attorney's lien has so attached will not be permitted to interfere with the lien.
Vermont Mutual does not directly respond to each of these contentions. Rather, it argues that Evans is not entitled to a fee under section 627.428(1) from the insurer because the insured has signed an unconditional release that releases the insurer from any claim for attorney's fees, and that Evans's motion to withdraw seeking to have the court "find a lien against the Plaintiff's recovery and/or to obligate the Defendant to pay attorney's fees" does not constitute adequate notice of a charging lien. Vermont Mutual cites several Florida decisions in support of these arguments, but we conclude that those cases are inapplicable to the circumstances of this case.
We agree with Evans that he is entitled to an evidentiary hearing on his right to be paid attorney's fees and be reimbursed for the costs he advanced on behalf of his clients, and he is entitled to have the court determine who is to make payment therefor in accordance with the jurisdiction reserved in its order of July 3, 1990. The cases cited by Evans support his contentions.
The law in Florida is well settled that, after an insured has filed suit to recover under an insurance policy, the insurer's settlement and payment to the insured ordinarily does not relieve the insurer of the obligation to pay an attorney's fee pursuant to section 627.428. This rule is based on the principle that the payment of the claim is the functional equivalent of a confession of judgment, thus obligating the insurer to also pay the attorney's fees. Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla. 1983); Avila v. Latin American Property and Cas. Ins. Co., 548 So.2d 894 (Fla. 3d DCA 1989); Fitzgerald & Co. v. Roberts Electrical Contractors, Inc., 533 So.2d 789 (Fla. 1st DCA 1988); Prygrocki v. Industrial Fire and Cas. Ins. Co., 407 So.2d 345 (Fla. 4th DCA 1981), approved, 422 So.2d 314 (Fla. 1982); Smolder v. Ford Life Ins. Co., 361 So.2d 222 (Fla. 1st DCA 1978); Cincinnati Ins. Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974).
Once an attorney has appeared in pending litigation to represent a party, that attorney cannot withdraw from the case pursuant to discharge by the client without *580 leave of court granted by order after due notice to both the attorney and the client. Waite v. Wellington Boats, Inc., 459 So.2d 431 (Fla. 1st DCA 1984); Feuer v. Feuer, 22 So.2d 641 (Fla. 1945). Thus, notwithstanding the notification to Evans by Brown and City Federal that his employment as attorney was terminated, Evans continued to have responsibility for this litigation until July 3, 1990, when the court allowed him to withdraw while reserving jurisdiction to determine his claim for attorney's fees in both cases.
Although the parties to a lawsuit that are represented by attorneys may settle the dispute between themselves without the participation of their attorney, any such settlement made without knowledge of or notice to a party's attorney and without payment of the attorney's fee due such attorney, operates as a fraud upon the attorney, whether intended or not, and the attorney may continue the litigation in the name of the parties to enforce the right to be paid a fee in those instances where the attorney has asserted a claim or charging lien for such fees before the lawsuit has been reduced to judgment or dismissed pursuant to settlement. Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943); Mabry v. Knabb, 151 Fla. 432, 10 So.2d 330 (1942); Strickland v. Frey, 187 So.2d 84 (Fla. 4th DCA 1966). See also, United States v. Transocean Air Lines, Inc., 356 F.2d 702 (5th Cir.1966).[3]
In Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983), the supreme court stated that, "A charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit," and described the following requirements for imposition of such a charging lien: (1) there must be a contract, express or implied, between the attorney and the client; (2) there must be an understanding, express or implied, between these parties that payment is either dependent upon recovery or that payment will be made out of the recovery; and (3) there must have been an attempt to avoid the payment of fees or there must be a dispute as to the amount involved. The court then reiterated that, "There are no requirements for perfecting a charging lien beyond timely notice." Id. at 1385. The fundamental difference between the perfection of such lien and the imposition of the lien on certain proceeds or property after it has been perfected is of significant importance. Thus, all that is required to entitle the attorney to perfect a charging lien "is for the attorney to file the notice of lien or otherwise pursue the lien in the original action" prior to its termination. Hannah v. Elder, 545 So.2d 503, 504 (Fla. 4th DCA 1989). So long as the notice of lien is filed before the case goes to final judgment or is dismissed, "`The lien is chargeable against any person who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future.'" Hutchins v. Hutchins, 522 So.2d 547, 549 (Fla. 4th DCA 1988). "The courts will protect the attorney against settlements which are designed to defraud or otherwise defeat the payment of his fees, and any settlement made by the client after the attorney's lien has attached will not be permitted to interfere with the lien." 4 Fla.Jur. 2d, Attorneys At Law, § 164 (1978). Accordingly, if a party, Vermont Mutual in this instance, holding such proceeds of the recovery or settlement pays it to the client with notice to or knowledge of the client's attorney who is claiming a fee and a charging *581 lien without protecting the attorney's interests, that party, Vermont Mutual, may nevertheless be held liable, jointly and severally with the attorney's client, for the amount of the client's attorney's fees and costs. Hutchins v. Hutchins, 522 So.2d 547. See generally Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, 517 So.2d 88 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla. 1988).
There can be no question that Evans provided legal services to both of his clients in this litigation for which he is due a fee. Based on this record and the authorities cited above, we conclude that Evans did all that was necessary to protect his right to be paid an attorney's fee and the costs and expenses he incurred or advanced in connection with his representation of Brown and City Federal in these two cases. The three requirements for imposing a charging lien have been satisfied on this record. Evans made timely claim for such fees and gave timely notice of a charging lien before he was allowed to withdraw as attorney of record and the cases were settled or dismissed. Since Vermont Mutual had notice and knowledge of these claims before it paid the proceeds of the settlement, it can be held liable, jointly and severally, with Evans's clients. The amounts due Evans for fees and costs, and whether Vermont Mutual will have to pay these amounts in addition to the amounts already paid to Brown and City Federal under its settlement with them, will depend on the terms and circumstances of its settlements with Brown and City Federal. Evans is entitled to an evidentiary hearing on any disputed material facts relevant to these issues.
We reject Vermont Mutual's contention, based on Vasquez v. Vasquez, 512 So.2d 1045 (Fla. 3d DCA 1987), that the notice of charging lien given by Evans was insufficient as a matter of law because his motion to withdraw alleged in the alternative that the court declare he "has a lien against any recovery made by [Brown] for [Vermont Mutual] and/or is entitled to a fee to be paid him by [Vermont Mutual] for his services and costs... ." Our reading of Evans's motions in their entirety makes it clear that Evans was claiming a lien on any proceeds to be paid by Vermont Mutual unless the court should order Vermont Mutual to pay a fee in addition to any such settlement proceeds. We conclude that the language Evans used, read in context with the record in this case, was not "patently ambiguous and overly broad," as the Third District found in respect to similar language in Vasquez.[4] The Vasquez opinion does not set forth the entire motion and all material facts in the case, and we cannot determine from the face of the opinion precisely what rationale caused the court to reach its decision, since the opinion recites only that the court had "carefully considered the record, briefs, and arguments of counsel." 512 So.2d at 1046. Most likely, we assume, the Third District was strongly influenced by the fact that the motion merely sought to obtain an order to have either the husband or the wife pay a fee to the attorney rather than to have a lien imposed on certain specified proceeds. Moreover, the Vasquez opinion cites no legal authority for this holding, so we do not read that case as either applying a settled rule of law or establishing a new rule of law that renders the use of alternative language such as Evans used in his motion ambiguous and legally insufficient, irrespective of the context in which the language was used. Certainly, the motions and supporting memoranda filed by Evans made clear, without ambiguity, that he was seeking a fee from Vermont Mutual and a lien on any policy proceeds to be paid by Vermont Mutual to his clients in settlement of the claims that he had filed for them.
We likewise reject Vermont Mutual's contention that it should not be liable for any part of an attorney's fee due Evans under Fortune Ins. Co. v. Gollie, 576 So.2d 796 (Fla. 5th DCA 1991). In that case, Gollie was injured in an accident and employed *582 an attorney, Powers, to file suit against the insurer, Fortune, for payments due under his policy of insurance. After the suit had been pending, Gollie discharged Powers and employed another attorney, Avery. Powers then filed notice of an attorney's lien for fees and costs "`against any recovery in this action.'" Id. at 796. Thereafter, Avery settled the claim for a certain amount plus $500 attorney's fees. Gollie was unable to resolve his fee obligation with Powers, so he filed a motion to have the court determine his fee obligation. The court awarded a fee of $5,495 to Powers, amended the settlement to that extent, and ordered Fortune to pay it directly to Powers. The Fifth District reversed, ruling that Fortune was entitled to enforcement of the settlement agreement according to its original terms because the "one entitled to an award of attorney's fees under the statute [§ 627.428] is the insured not the insured's attorney," that the amount of the fee owed under the statute "is within the power of the insured to negotiate and settle, and Gollie did not ask to be relieved from the settlement." Thus, the court held that the award of attorney's fees to be paid by Fortune directly to Powers was reversible error.
We first note that the court in Gollie did not cite any case authority for this result, and to the extent that it may be in conflict with the authorities previously cited in this opinion, we decline to follow Gollie. But we do not believe it is necessary to read or construe Gollie so as to create any conflict. The Fifth District's opinion did not discuss whether Attorney Powers had a charging lien on the proceeds of the settlement, unlike the instant case, and this difference alone materially distinguishes that case. Here, Evans is attempting to impose a lien for fees on the proceeds of the settlement made by Vermont Mutual with his former clients, and to have a statutory fee pursuant to section 627.428 assessed against Vermont Mutual if the insurer's settlement with Evans's clients, without notice to or the knowledge of Evans and without protecting Evans's interests, has operated to defraud Evans of his rights. Hence, we view this case as factually distinguishable and decline to apply Gollie to achieve the result that Vermont Mutual seeks on this appeal.
For the foregoing reasons, we reverse the appealed order and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHIVERS, Senior Judge, concurs.
WEBSTER, J., concurs in result only.
NOTES
[1] The contract recited in part:

Said attorney [Evans] shall receive for his fee only such fees as may be awarded against said insurance carrier(s) by the arbitrators and/or courts to whom the subject claim(s) for damages is presented; however, in the event that such claim(s) for damages is settled prior to any adjudication awarding any such fee or fees or there is no such adjudication, the said attorney shall receive for his services Three Hundred Dollars ($300.00) per hour.
Unless a recovery is made on such claim(s), the undersigned shall not be indebted for any fee.
* * * * * *
Incidental to said attorney pursuing such claims, the undersigned authorizes him to advance against the account of the undersigned all costs (such as court filing fee, cost of investigation, cost of service of process, etc.) which are reasonably believed by the said attorney to be reasonably incidental to properly pursuing said claim to a proper conclusion. Such costs shall be deducted and reimbursed to said attorney after deduction of the attorney's fee from any recovery to the extent that the said attorney has not already been reimbursed.
* * * * * *
This contract may be canceled by written notification to the attorney at any time within three (3) days of the date the contract was signed, as shown below, and if canceled, the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client(s), the attorney is entitled to be reimbursed for such amounts as he has reasonably advanced on behalf of the client(s).
The contract was signed on August 31, 1989.
[2] The record reflects that this case was eventually transferred and consolidated with Brown's pending case in the same trial division.
[3] In Transocean Air Lines, the court accurately and concisely stated the rule:

It is the rule in Florida that while parties have a right to settle controversies out of court, any such settlement without the knowledge of or notice to counsel and the payment of their fees is a fraud on them, whether so intended or not. Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 [1943]. See Mabry v. Knabb, 151 Fla. 432, 10 So.2d 330 [1942]; Harper v. Strong, 135 Fla. 10, 184 So. 848 [1939]. Where an action was dismissed on stipulation after a settlement which ignored the rights of counsel under a contingent fee agreement, the order of dismissal would be reversed so that the case could be continued for the enforcement of the lien of counsel. Miller v. Scobie, supra.
356 F.2d at 705-06.
[4] In that case, "The motion upon which the order appealed was granted sought `a charging lien and/or ... attorney's fees to be paid ... either by Petitioner [former wife] or Respondent [former husband].'" Vasquez, 512 So.2d at 1046.