786 So.2d 46 (2001)
Henry SCHUR, Appellant,
v.
AMERICARE TRANSTECH, INC., et al., Appellees.
No. 3D00-2113.
District Court of Appeal of Florida, Third District.
May 16, 2001.
Rehearing Denied June 20, 2001.
*47 Levey, Airan, Brownstein, Friedman, Roen & Kelso and John R. Kelso, for appellant.
Miyoshi D. Smith; Patricia Klein, for appellee Americare Transtech, Inc.
Before LEVY, GERSTEN, and GODERICH, JJ.
GODERICH, Judge.
The plaintiff, Henry Schur, appeals from a final order granting the defendant's motion to bifurcate and denying judgment of charging lien. We affirm.
Henry Schur worked for Americare Transtech, Inc. [Americare] until June 1995 when he left employment and formed his own corporation. In July 1995, Schur, represented by Attorney Lewis J. Levey, filed suit in Dade County Circuit Court against Americare for unpaid wages and for defaulting on a promissory note. Case No. 95-13717. In October 1998, the trial court entered an amended final judgment awarding Schur $187,285.13.
Meanwhile, in August 1995, Americare brought suit in Broward County Circuit Court against Schur and others alleging misappropriation of trade secrets and tortious interference with a business relationship. Case No. 95-11256. Attorney Levey represented Schur in this action as well. In January 1999, the trial court entered a final judgment against Schur awarding Americare $999,999.99.
In January 1999, in the Dade County action, Americare filed a motion for stay of execution and relief from judgment seeking a setoff of the final judgments. At the hearing on the motion, Attorney Levey opposed the setoff arguing that he was entitled to a contingency fee for his role in obtaining the judgment against Americare and that he would assert a charging lien. On November 9, 1999, the trial court entered an order granting Americare's motion for setoff but only "to the extent that it does not interfere with Attorney Levey's attorney's fees and costs incurred in the prosecution of this matter." The trial court then permitted discovery to determine the validity and amount of Attorney Levey's charging lien. The trial court ordered Levey to appear for deposition and to comply with discovery, and the court also appointed a Special Master to preside over the depositions.
Thereafter, Americare filed a motion to bifurcate and to deny judgment of charging lien. The trial court granted the motion to bifurcate and entered an order denying the charging lien because there was neither an avoidance of payment nor a dispute as to the fees between the attorney and the client, and because there was no timely notice. Schur's appeal follows.
Schur contends that the trial court erred by denying Attorney Levey's charging lien. We disagree.

*48 A charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983). Attorneys wishing to impose such a lien must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees, either dependent upon or out of recovery; (3) either avoidance of payment or a dispute as to the amount of fees; and (4) timely notice. See Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986)(citing Sinclair, Louis, 428 So.2d at 1385).
Vazquez v. Vazquez, 512 So.2d 1045, 1046 (Fla. 3d DCA 1987).
In the instant case, the trial court found that Attorney Levey had met the first two requirements for a charging lien. First, the trial court noted that a written contingency fee contract existed that entitled him to 40% of any recovery and that an oral modification existed that entitled him to 50% of any recovery if a judgment existed.
However, the trial court also found that Attorney Levey failed to satisfy the last two requirements for a charging lien. First, the trial court found that Levey's own testimony established that Schur was satisfied with his services, that Schur had never refused to pay him for any services, and that Schur had never questioned any bills for costs. We find that the trial court properly concluded that the third requirement of avoidance of payment or a dispute as to the amount of fees had not been proven.
Additionally, the trial court found that there was no record evidence that Attorney Levey had given Schur timely notice. The trial court specifically noted that Levey did not pursue the charging lien before the entry of the final judgment and that the contingency fee agreement did not expressly give notice that a charging lien would result in the event of non-payment. The trial court conclusion that the fourth requirement of timely notice had not been met was clearly appropriate.
Accordingly, the final order granting the defendant's motion to bifurcate and denying judgment of charging lien is
Affirmed.