DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**WE HELP COMMUNITY DEVELOPMENT CORPORATION,**
a Florida non-profit corporation,
Appellant,

v.

**CIRAS, LLC,** an Ohio limited liability company,
Appellee.

No. 4D11-1437

[July 16, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John J. Hoy and John Kastrenakes, Judges; L.T. Case No. 502010CA019667XXXXMB.

Evan B. Plotka of Evan B. Plotka, P.L., Hollywood, and Lionel Darville of The Law Office of Lionel Darville, Belle Glade, for appellant.

Richard B. Storfer and Riley W. Cirulnick of Rice Pugatch Robinson & Schiller, P.A., Fort Lauderdale, for appellee.

***ON APPELLEE'S MOTION FOR REHEARING,
REHEARING EN BANC AND CERTIFICATION***

PER CURIAM.

We grant appellee's motion for rehearing and deny appellee's motion for rehearing en banc and certification. We substitute the following opinion for our opinion issued on June 4, 2014.

The defendant appeals from the circuit court's foreclosure judgment. The defendant argues that, after it did not comply with the court's order to make payments during the pendency of the foreclosure proceedings, the court erred in entering the foreclosure judgment instead of ordering that the plaintiff be entitled to possession of the premises or some other method of enforcement of the court's payment order pursuant to section 702.10(2)(f), Florida Statutes (2010). We disagree with the defendant's argument and affirm.

The plaintiff filed a verified foreclosure complaint against the defendant. The plaintiff also filed an ex-parte motion for an order directing the defendant to show cause: (1) why a foreclosure judgment should not be entered pursuant to section 702.10(1), Florida Statutes (2010); or (2) why the defendant should not be required to make payments during the pendency of the foreclosure proceedings pursuant to section 702.10(2), Florida Statutes (2010). In 2010, sections 702.10(1) and (2) provided, in pertinent part:

> (1) After a complaint in a foreclosure proceeding has been filed, the mortgagee may request an order to show cause for the entry of final judgment and the court shall immediately review the complaint. If, upon examination of the complaint, the court finds that the complaint is verified and alleges a cause of action to foreclose on real property, the court shall promptly issue an order directed to the defendant to show cause why a final judgment of foreclosure should not be entered.
>
> . . . .
>
> (b) . . . If a defendant files defenses by a motion or by a verified or sworn answer at or before the hearing, such action constitutes cause and precludes the entry of a final judgment at the hearing to show cause.
>
> . . . .
>
> (d) . . . If the court finds that the defendant has not shown cause, the court shall promptly enter a judgment of foreclosure.
>
> (2) In an action for foreclosure, . . . the mortgagee may request that the court enter an order directing the mortgagor defendant to show cause why an order to make payments during the pendency of the foreclosure proceedings or an order to vacate the premises should not be entered.
>
> . . . .
>
> (d) . . . [T]he court shall, at the hearing on the order to show cause, consider the affidavits and other showings made by the parties appearing and make a determination of the probable

validity of the underlying claim alleged against the mortgagor and the mortgagor's defenses.  If the court determines that the mortgagee is likely to prevail in the foreclosure action, the court shall enter an order requiring the mortgagor to make the payment described in paragraph (e) to the mortgagee and provide for a remedy as described in paragraph (f).

. . . .

(f)  In the event the court enters an order requiring payments the order shall also provide that the mortgagee shall be entitled to possession of the premises upon the failure of the mortgagor to make the payment required in the order unless at the hearing on the order to show cause the court finds good cause to order some other method of enforcement of its order.

§ 702.10, Fla. Stat. (2010).[1]

The court entered the order to show cause as to both sections 702.10(1) and (2).  In response, the defendant filed a motion to dismiss on various grounds.  The defendant also filed two affidavits alleging why the court should not enter a final judgment of foreclosure and should not enter an order to make payments during the pendency of the foreclosure proceedings.

After a hearing, the court entered an order denying the defendant's motion to dismiss.  The defendant then filed its answer and affirmative defenses contesting the foreclosure on various grounds.

After the defendant filed its answer and affirmative defenses, the court entered an order directing the defendant to make payments during the pendency of the foreclosure proceedings pursuant to section 702.10(2).  In the order, the court did not state any finding that the defendant had not shown cause why the court should not enter a foreclosure judgment pursuant to section 702.10(1).  However, the order nevertheless provided that if the defendant failed to make the payments, then the plaintiff was "entitled to submit an ex parte affidavit . . . and to take possession of the premises *and to the entry of a Final Judgment of Foreclosure* . . . without further hearing." (emphasis added).

---

[1]  In 2013, the Legislature amended section 702.10.  Subsection (2) now provides that the payment remedy provided therein is "in addition to any other relief that the court may award."  *See* Ch. 2013-137, § 6, Laws of Fla., effective June 7, 2013.

The plaintiff later filed a verified motion for entry of a foreclosure judgment against the defendant. According to the motion, the defendant did not comply with the payment order. The court entered the foreclosure judgment against the defendant.

Shortly thereafter, the defendant filed a motion to vacate the foreclosure judgment. The defendant argued that the court's order directing it to make payments during the pendency of the foreclosure proceedings was deficient because the court did not first determine that the plaintiff was likely to prevail in the foreclosure action pursuant to section 702.10(2)(d). The court denied the motion on the ground it was implicit within the order directing payments that the plaintiff was likely to prevail in the foreclosure action.

The defendant then filed a motion for rehearing. In that motion, the defendant argued that, after it did not comply with the payment order, the court erred in entering the foreclosure judgment instead of ordering that the plaintiff be entitled to possession of the premises pursuant to section 702.10(2)(f). According to the defendant, "Nothing within [section 702.10(2)(f)] permits the entry of a Judgment of Foreclosure . . . ." The court denied the motion for rehearing.

This appeal followed. The defendant raises several arguments, but we choose to address only its argument that, after it did not comply with the payment order, the court erred in entering the foreclosure judgment instead of ordering that the plaintiff be entitled to possession of the premises pursuant to section 702.10(2)(f). In response, the plaintiff argues that section 702.10(2)(f)'s reference to "some other method of enforcement" of the circuit court's payment order includes the entry of a foreclosure judgment.

Because the parties' arguments turn on an interpretation of section 702.10(2)(f), our standard of review is de novo. *See State v. S.M.*, 131 So. 3d 780, 785 (Fla. 2013) ("Judicial interpretations of statutes are pure questions of law subject to de novo review.") (citation and quotation marks omitted).

We conclude that section 702.10(2)(f) allows a plaintiff to obtain a foreclosure judgment upon a defendant's failure to comply with a payment order entered pursuant to section 702.10(2)(d). We agree with the plaintiff's argument that section 702.10(2)(f)'s reference to "some other method of enforcement" of the circuit court's payment order includes the

4

entry of a foreclosure judgment. What better way to sanction a mortgagor for non-payment than to foreclose on the property?

Our conclusion is consistent with section 702.10(1)'s provision for an expedited method for handling foreclosure actions. Our conclusion also is consistent with the 2013 amendment to section 702.10. Subsection (2) now provides that the payment remedy provided therein is "in addition to any other relief that the court may award." *See* Ch. 2013-137, § 6, Laws of Fla. This amendment indicates the original intent of section 702.10(2)(f) to allow a plaintiff to obtain a foreclosure judgment upon a defendant's failure to comply with a payment order entered pursuant to section 702.10(2)(d). *See D & T Props., Inc. v. Marina Grande Assocs., Ltd.*, 985 So. 2d 43, 47 (Fla. 4th DCA 2008) ("Where the legislature expressly characterizes the intent of legislation, it is especially appropriate to consider the amended statute to determine the original legislative intent of the statute."); *see also* Ch. 2013-137, § 8, Laws of Fla. ("[T]he amendments to s. 702.10, Florida Statutes, . . . by this act, apply to causes of action pending on the effective date of this act.").

We find nothing in subsection (2) to prevent the court from entering a final judgment of foreclosure. After all, before the court can enter an order requiring payments, the court must have determined the lienholder is likely to prevail on its foreclosure action. And allowing for immediate possession of the premises as a sanction for non-payment could be viewed as harsher than the final judgment of foreclosure. In the ordinary foreclosure, the lienholder more often than not has to obtain a foreclosure judgment and proceed to a judicial sale before getting possession of the premises. Having given the mortgagor an opportunity to pay the mortgage during the pendency of the foreclosure, all bets are off if the mortgagor fails to pay. It is also significant to note that these remedies do not apply to owner-occupied residential real estate.

Based on the foregoing, we affirm the court's denial of the defendant's motion to vacate the foreclosure judgment. We conclude without further discussion that the defendant's other arguments on appeal lack merit.

*Affirmed.*

STEVENSON, MAY and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

5