# Third District Court of Appeal

## State of Florida

Opinion filed November 04, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1858
Lower Tribunal No. 12-17915
_____

**Andros Development Corp., etc., et al.,**
Appellants,

vs.

**Orlando Benitez a/k/a Orlando Benitez, Jr.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Julio C. Marrero & Associates, P.A., and Julio C. Marrero, for appellant.

Eddy Leal, P.A., and Eddy Leal, for appellee.


Before SHEPHERD, ROTHENBERG, and SCALES, JJ.

ON MOTION TO DISMISS

ROTHENBERG, J.

On August 12, 2015, Julio C. Marrero, Esq. ("Marrero") of the law firm of Julio C. Marrero & Associates, P.A., as counsel for the defendants, Andros Development Corporation ("Andros"), and Kathleen Marrero filed the instant appeal from, as Marrero recognized, a non-final order. The non-final order in this foreclosure action directs Andros to make monthly payments in the amount of $15,333.33 to the plaintiff, Orlando Benitez, Jr. The order further provides that pursuant to section 702.10(2)(f), Florida Statutes, and We Help Community Development Corp. v. Ciras, LLC, 144 So. 3d 578, 579 (Fla. 4th DCA 2014), if Andros fails to make the mortgage payments as required by the order, Benitez shall be entitled to submit an ex parte affidavit and final judgment of foreclosure, take possession of the premises, and the entry of a final judgment of foreclosure, unless Andros files with the court a written undertaking executed by a surety approved by the court in an amount equal to the unpaid balance of the lien being foreclosed, including all principal, interest, unpaid taxes, and insurance paid by Benitez, in which case, the order shall be stayed.

Although Marrero filed this appeal on August 12, 2015, he has done nothing to prosecute his appeal. He has not filed an initial brief nor sought an enlargement of time. It is also clear that, although Marrero's notice of appeal asserts that this Court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(c)(ii), which permits review of non-final orders that determine "the right to immediate

possession of property," the order under review does not so provide. We, therefore, grant Benitez's motion to dismiss the instant appeal for lack of jurisdiction, grant Benitez's motion for appellate attorney's fees, and remand for the trial court to determine the amount.

In his motion to dismiss, Benitez has also requested this Court to consider issuing an order compelling Marrero and his law firm to show good cause why further sanctions should not be imposed for pursuing an appeal unsupported by the law or facts. In support, Benitez has directed this Court to a number of prior appeals filed by Marrero and his law firm that have been dismissed by this Court for lack of jurisdiction and/or failure to comply with this Court's orders. Although our investigation has led us to share Benitez's concern, we decline to take such action at this time. We, however, caution Marrero and his law firm that there is an ethical obligation to use due diligence and candor in all filings with this Court.

Appeal dismissed; attorney's fees granted and remanded for determination of amount.