# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-771
Lower Tribunal No. 12-17915
_____

**Orlando Benitez, Jr.,**
Appellant,

vs.

**Eddy Leal, P.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

León Cosgrove and Scott B. Cosgrove and Jeremy L. Kahn and Aaron C. Brownell, for appellant.

Eddy Leal, for appellee.

Before SALTER, SCALES and LINDSEY, JJ.

SALTER, J.

Orlando Benitez, Jr. ("Client"), appeals a final order imposing a charging lien[1] asserted by attorney Eddy Leal and his professional association, Eddy Leal, P.A. (collectively, "Attorney"). The order awarded the Attorney a charging lien against the Client for $29,459.91, plus interest. For the reasons which follow, we reverse the order and vacate the charging lien, without prejudice to the Attorney's rights to pursue collection of his unsecured claim for fees against his former client.

The underlying circuit court case was a 2012 commercial mortgage foreclosure case brought by the Client, initially represented by the Attorney, against a borrower. The Client obtained a pretrial order requiring the borrower to make monthly payments during the pendency of the foreclosure action, as provided by section 702.10(2)(f), Florida Statutes (2012). The Attorney then successfully represented the Client in an appeal of that pretrial order brought by the mortgagor.[2] On remand, the Client was awarded a final judgment of attorneys' fees and costs in the amount of $29,459.91 for the Attorney's successful representation in the appeal.

---

[1] The final order sought to be reviewed was entered October 30, 2017, shortly before the trial judge retired. Thereafter, a motion for rehearing was filed by the Client and granted by a successor judge. The matter was reopened for an evidentiary hearing, in the successor judge's order of December 14, 2017. On March 30, 2018, a third judge determined that the successor judge lacked jurisdiction to review or rehear the final order under Groover v. Walker, 88 So. 2d 312 (Fla. 1956), and reinstated that final order. The Client's timely appeal of all three orders followed.

[2] Andros Dev. Corp. v. Benitez, 178 So. 3d 918 (Fla. 3d DCA 2015). This Court dismissed the appeal for lack of jurisdiction.

In October 2016, the Attorney moved to withdraw from further representation of the Client. Neither the motion to withdraw nor the order granting it disclosed any claim for unpaid fees or for a lien on the Client's judgment in the case, any proceeds of collection, or any other property of the Client.

In February 2017, successor counsel for the Client obtained a final judgment of foreclosure against the borrower and two guarantors.[3] A week later, the Attorney filed and served a notice of filing and asserting a charging lien by Attorney "on all judgments rendered in the [foreclosure case], and on all money due from any and all Defendants on any such judgments, and any and all assets, property, money, proceeds retained, receive, or recovered by [the Client] or any of his assigns in connection with this matter."

The Attorney attached to that notice a copy of the Client's answers to interrogatories (executed before the Attorney's withdrawal from representation of the Client) in which the Client disclosed that he had not paid the Attorney the fees and costs incurred in the successful appeal, and that there was no written retainer or fee agreement between the Attorney and the Client regarding the underlying foreclosure and appeal.

---

[3] The final judgment, totaling $1,928,812.14, included a line item for attorneys' fees of $29,459.91, but did not differentiate between fees attributable to the Attorney and to successor counsel for the Client. The final judgment also specified that all sums comprising the total, including the attorneys' fees, were payable exclusively to the Client.

In March 2017, the trial court heard the Attorney's motion for a charging lien. The trial court marked up the form of order submitted by the Attorney; rather than granting or denying the motion, the trial court merely "recognize[d]" that the Attorney's motion for charging lien for attorneys' fees and costs had been filed on February 23, 2017, "as reflected on the docket." The trial court marked out a paragraph in the proposed order which would have specified that the Attorney "does have and recover a charging lien, together with statutory post-judgment interest from today, against [Client] for any and all money recovered from [the obligors in the underlying action] because of judgments assets, property, proceeds retained, received or recovered in this matter."

Seven months later, the Attorney filed an emergency motion for imposition of a charging lien and noticed it for a hearing three business days later. At that hearing, conducted only one day before the trial judge retired, the court proceeded with a non-evidentiary hearing on the motion. The transcript of the hearing indicates that the trial court thought it had already granted a charging lien.

The Client's successor counsel emphasized the need for an evidentiary hearing on the charging lien issues. After the non-evidentiary hearing, the Client submitted a response to the trial court raising various issues of fact: whether the Attorney was entitled to raise a charging lien; whether the Client's payments to the Attorney were properly credited; and whether the Client had rights to a setoff. The

4

Client also argued that the trial court lacked jurisdiction to impose a charging lien because the Attorney's notice and claim were untimely filed.

The trial court then entered the order imposing a charging lien. Following proceedings relating to a motion for rehearing, the order remained in effect, and this appeal followed.

Analysis

Our standard of review on the issue raised by the Client on subject matter jurisdiction is de novo. See Greenberg Traurig, P.A. v. Starling, 238 So. 3d 862, 864-65 (Fla. 2d DCA 2018). We also review de novo the legal sufficiency of the claim of lien, and the propriety of a determination of the claim without an evidentiary hearing. See Nieves v. Viera, 150 So. 3d 1236, 1238-39 (Fla. 3d DCA 2014).

We reject without extensive discussion the Attorney's contention that we lack jurisdiction because the Client's notice of appeal was untimely. The initial order granting a lien was indeed a final order, see Trontz v. Winig, 905 So. 2d 1026, 1027 (Fla. 4th DCA 2005), and the Client's motion for rehearing suspended rendition until a successor judge denied it (and, for the elimination of doubt, reaffirmed that the charging lien order "remains in full force and effect").

As to the claim of a charging lien itself, the Florida Supreme Court has held:

> To impose such a lien, the attorney must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3)

5

either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.

Daniel Mones, P.A. v. Smith, 486 So. 2d 559, 561 (Fla. 1986). In that case, the Supreme Court also observed that such liens are creatures of common law, and are governed exclusively by case law.

In this case, there are two shortcomings in the Attorney's claim which require reversal. The first, a failure to timely notify the Client of the claim of lien, is preclusively fatal to the claim and we reverse and vacate the order on that basis. The Attorney did not file his notice of a purported charging lien until after the final judgment had been entered in favor of his former Client in the case. In Daniel Mones, P.A., the Florida Supreme court held that the claimant/attorney was obligated "to notify his clients in some way before the close of the original proceeding that he intended to pursue the charging lien." Id.

In Schur v. Americare Transtech, Inc., 786 So. 2d 46, 48 (Fla. 3d DCA 2001), this Court affirmed the denial of a charging lien as untimely. In that case, the attorney claiming the lien "did not pursue the charging lien before the entry of the final judgment," such that "the fourth requirement of timely notice had not been met" (referring to the fourth prerequisite for a charging lien as specified in Daniel Mones, P.A. and other cases). Id.

The Attorney responds with an argument that the final judgment was not truly final until the disposition of the borrowers' timely motions for rehearing and relief

6

from the final judgment under Florida Rules of Civil Procedure 1.530 and 1.540. We disagree. The pendency of such motions affects "rendition" of the final judgment for appellate purposes, but the Attorney was not a party to the case (and had withdrawn as counsel over a year earlier), had not moved to intervene or been allowed to do so, and had not objected to the trial court's determination of the liquidated amounts awarded in the final judgment. Further, the borrowers' motions for rehearing and relief from judgment were denied, such that the final judgment (entered before the Attorney's claim of a charging lien was asserted) was not affected.

The Attorney's "notice" was too late to permit the parties and the trial court to consider and determine it before the entry of the final judgment. We cannot speculate what adjustments, if any, might have been made to the sums claimed by the Client in the final judgment had the Attorney filed the claim of charging lien before the final judgment was considered and entered by the trial court.

The Attorney's "notice" appears to have recognized that the claim was untimely. The notice included a request that "if a judgment has been entered, [the Attorney] respectfully requests that this Court vacate the judgment until this Court adjudicates the charging lien." The Attorney did not advance this request before the trial court, and the trial court never vacated the final judgment to adjudicate the late-filed claim.

Although our resolution of the first issue, timeliness, is dispositive of the appeal, we also consider the second shortcoming raised by the Client so that it may be addressed on any further appellate review. That second shortcoming is the trial court's failure to conduct an evidentiary hearing before approving the imposition of the Attorney's charging lien.

There is no written agreement between the Attorney and Client regarding the fees to be charged, the terms and timing of payment, or any specific funding source.[4] There was no admissible evidence that there was any "express or implied understanding for payment of attorney's fees out of the recovery." Daniel Mones, P.A., 486 So. 2d at 561. While represented by the Attorney, however, the Client did engage in conduct, and he signed interrogatory answers, acknowledging his obligation to the Attorney for the appellate attorneys' fees actually awarded by the trial court after remand. But that conduct and the interrogatory responses did not address any lien rights, or particular funds or property as a source of secured recovery, as against the Client. Any implication that the foreclosure itself, and any property or payment recovered in that lawsuit, would fund the liability to the

---

[4] In this case, as in other reported and unreported disputes between lawyers and clients, there is a teaching point that lawyers should heed their own usual advice to "get it in writing." In the case of a fee contingent in whole or in part on a recovery for the client, of course, the agreement is only enforceable if "such fee agreement is reduced to a written contract, signed by the client and by a lawyer for the lawyer or for the law firm representing the client." R. Regulating Fla. Bar 4-1.5(f)(2).

Attorney, would have required an evidentiary hearing (and thus reversal and remand by this Court). The trial court's conclusion that "an evidentiary hearing will serve no purpose other than to unfairly delay the imposition of a charging lien" includes no citation to authority and does not withstand appellate scrutiny of the record.

For these reasons, we reverse and vacate the final order imposing a charging lien against the Client for the benefit of the Attorney and authorizing execution to collect the lien. This disposition is without prejudice to the Attorney to pursue payment of any allegedly unpaid fees and costs from his former client as an unsecured claim, though we express no opinion regarding the merits of any such action.