PLEUS, J.
The issue on appeal is whether an attorney who represents a plaintiff in a personal injury action pursuant to a contingent fee agreement, and who withdraws from representation prior to the occurrence of the contingency (recovery), retains the right to compensation?
Florida law reflects that where the withdrawal is upon the attorney’s own volition, the attorney forfeits his right to compensation unless the client’s conduct makes continued representation either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating the Florida Bar. See Faro v. Romani, 641 So.2d 69 (Fla.1994); Kay v. Home Depot, Inc., 623 So.2d 764 (Fla. 6th DCA 1993). In both Faro and Kay, the attorney was deemed to have lost his right to compensation after withdrawing from representation due to a dispute with the client concerning whether the client should accept a settlement offer.
In the instant case, the trial court found, and the record contains competent substantial evidence establishing, that the attorney filed a motion to withdraw due to serious disagreements with the client over the handling of the case. The attorney tired of what he perceived to be a “problem client” and initiated the process of moving to withdraw from representation. Had counsel been discharged by his client without cause, he would have been entitled to compensation under the express terms of the contingent fee agreement. However, when counsel prepared a motion to withdraw after having suggested to his client that he may wish to find other counsel, his withdrawal was voluntary and resulted in the forfeiture of his right to compensation. See Kocha & Jones, P.A., v. Greenwald, 660 So.2d 1074 (Fla. 4th DCA 1995). The decision of the trial court denying recovery of attorney’s fees is affirmed.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.