IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID FORTHUBER,

      Appellant/Cross-Appellee,

  v.

FIRST LIBERTY INSURANCE CORPORATION,

      Appellee/Cross-Appellant.

_____/

CORRECTED

Case No. 5D16-2599

Opinion filed November 17, 2017

Appeal from the Circuit Court for
Seminole County,
Jessica J. Recksiedler, Judge.

James C. Hauser, of Attorney's Fees in
Florida PL, Maitland, and Hewett G.
Woodward, of The Woodward Law Firm,
Orlando, for Appellant/Cross-Appellee.

C. Ryan Jones and Scot E. Samis, of Traub
Lieberman Straus & Shrewsberry, LLP, St.
Petersburg, for Appellee/Cross-Appellant.

PER CURIAM.

        Appellant challenges the adequacy of his attorney's fee award, pursuant to section

627.428, Florida Statutes (2010), rendered in this first-party insurance dispute. As the

first of two issues raised on appeal, we address whether the trial court erred by refusing

to consider the hours expended by Appellant's attorney while he was working at a prior

law firm—the firm that originated the claim on Appellant's behalf. The trial court

categorically rejected these hours because that firm had withdrawn from representing

Appellant before conclusion of the case, thereby waiving any claim to a fee. We hold that the trial court erred in failing to consider these hours in its award of a reasonable fee "in favor of the insured," as provided in section 627.428. We also agree with Appellant that the trial court erred in limiting its prejudgment interest calculation by only including interest accruing through the date of the evidentiary fee hearing rather than the date it entered judgment. On cross-appeal, Appellee challenges a portion of the hours awarded by the trial court, claiming that they are attributable to time expended by Appellant's counsel while employed by a different prior firm. We affirm the issue raised on cross-appeal without further discussion.

Appellant was represented by three different law firms during the course of the proceedings below, although the same lawyer, Hewett G. Woodward, handled the case throughout the six-year dispute. Initially, Woodward worked for Latham, Shuker, Eden & Beaudine, LLP. He then switched to another law firm before starting his own firm. When Woodward left the Latham firm, the firm advised Appellant in writing that he had two options: (1) hire Woodward to complete the case or (2) engage a different lawyer of his choosing. For reasons that are not in the record, the letter did not offer Appellant the option of continuing with the Latham firm. The fee agreements between Appellant and all firms were contingent on a successful outcome and required payment of the greater of a percentage of the recovery or a statutory reasonable fee.

Appellant signed and returned the letter to the Latham firm, indicating his intent to continue with Woodward as his attorney. The Latham firm then filed a notice of charging lien and subsequently obtained court permission to withdraw as Appellant's counsel of record. During the resolution of a dispute between Appellant and the Latham firm

2

concerning the merits of the firm's charging lien, the Latham firm's letter to Appellant was introduced into evidence. The trial court concluded that the Latham firm had forfeited or waived its entitlement to a fee by withdrawing from Appellant's representation before the occurrence of the contingency. This ruling was apparently not challenged by the Latham firm and is conceded as correct by the parties to this proceeding.[1]

After Appellant and Appellee settled the underlying dispute, Appellee agreed that Appellant was entitled to a reasonable fee. It contended, however, that the trial court should disregard the 247.2 hours logged by Woodward while he was employed by the Latham firm because that firm had forfeited its fee. The trial court agreed. Accordingly, it refused to consider whether all or any portion of those 247.2 hours were reasonably incurred and could be included in its determination of a reasonable fee under the statute. Appellant challenges this conclusion, which we review de novo.

We begin our analysis with a discussion of the applicable statute. Section 627.428 provides that a trial court "shall adjudge or decree against the insurer and **in favor of the insured** [who prevails] . . . a reasonable sum as fees or compensation for the insured's . . . attorney." § 627.428, Fla. Stat. (2010) (emphasis added). "[T]he statute is a one-way street offering the potential for attorneys' fees only to the insured." *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994). As the plain language of section 627.428 clearly establishes, the fees owed under the statute belong

---

[1] As we have previously held, when an attorney is employed on a contingency basis, unless he is discharged by the client without cause before the contingency occurs, he forfeits his right to a fee by withdrawing before the contingency occurs. *Kirschner v. Biritz*, 843 So. 2d 349, 350 (Fla. 5th DCA 2003). The only exceptions to this rule are when the attorney's continued representation is "legally impossible" or when the "client's conduct would cause the attorney to violate the law or an ethical rule of conduct." *DePena v. Cruz*, 884 So. 2d 1062, 1063-64 (Fla. 2d DCA 2004).

to "the *insured* not the insured's attorney." *Fortune Ins. Co. v. Gollie*, 576 So. 2d 796, 797 (Fla. 5th DCA 1991). The statute does not specify the methodology of calculating the "reasonable sum [or] fees" to which the insured is entitled. Accordingly, courts typically determine the amount by multiplying the reasonable number of hours expended by a reasonable hourly rate.[2] *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150-51 (Fla. 1985).

The fee agreement between a lawyer and client, no matter how reasonable, does not control the amount of fees assessed against a third-party under a fee-shifting statute. For example, even though a lawyer and client may appropriately agree to a percentage-based fee agreement, where the contractual fee results in an effective hourly fee that greatly exceeds a customary and reasonable hourly rate, a third-party cannot be assessed a fee based upon the percentage formula. *See, e.g.*, *Kaufman & Broad Home Sys., Inc. v. Sebring Airport Auth.*, 366 So. 2d 1230 (Fla. 2d DCA 1979) (where contingency contract resulted in hourly fee over three times reasonable hourly rate, award of fees based on contingency formula was excessive). The converse is also true. When a party is not contractually obligated to pay her lawyer or is obligated to pay the lawyer less than market rate, the party may still recover a reasonable fee using the *Rowe* formula under a fee-shifting statute. *See, e.g.*, *Rogers v. Vulcan Mfg. Co.*, 93 So. 3d 1058, 1061 (Fla. 1st DCA 2012) (prevailing party could recover fees even though paid by employer); *Wright v. Acierno*, 437 So. 2d 242, 244 (Fla. 5th DCA 1983) (reasonable fee not limited to amount paid by city to salaried attorney); *see also Aspen v. Bayless*, 564 So. 2d 1081,

---

[2] The trial court did not apply a multiplier here, a ruling that is not challenged.

4

1082 (Fla. 1990) (fact that insurer paid costs did not preclude recovery under offer of judgment statute).

Although there are circumstances where the contractual relationship between a lawyer and client might cap the fees that may be recovered under a fee-shifting statute, here, the fee agreements did not establish a cap because they contained "alternative fee recovery clauses," under which Appellant agreed to pay **the greater of** a percentage of the recovery or the statutory fee. Under this fee arrangement, the contractual agreement does not operate as a cap on statutory fees. This principle is illustrated in *First Baptist Church of Cape Coral, Florida, Inc. v. Compass Construction, Inc.*, 115 So. 3d 978 (Fla. 2013). There, the attorney defended an action pursuant to an hourly fee contract with the prevailing party's insurer. *First Baptist Church*, 115 So. 3d at 979. The contract specified an hourly rate of $170 and contained no contingency. *Id.* However, the fee contract also contained an "alternative fee recovery clause" authorizing a rate of $300 per hour (or higher as determined by a court) in the event the fee was ultimately paid by a third party under a fee-shifting contract or statute. *Id.* at 979-80. In reinstating the trial court's award of $350 per hour in fees, the Florida Supreme Court concluded that its prior precedents capping fees to the "fee agreement reached by the attorney and his client" did not apply to a fee contract containing an "alternative fee recovery clause." *Id.* at 979, 983 (citation omitted).

In his thoughtful dissent in *First Baptist Church*, Justice Lewis argued that a distinction should be made between statutory fee-shifting provisions and a contractual provision for indemnification, such as the one in *First Baptist Church.* In the latter situation, Justice Lewis urged that the fee should be limited to what the prevailing party

5

is obligated to pay because indemnity is, by its nature, a "reimbursement obligation." *Id.* at 989-90 (Lewis, J., dissenting). Fee shifting statutes, on the other hand, are not predicated on a reimbursement theory; they are based on the public policy. Although this distinction did not carry the day in *First Baptist Church*, Justice Lewis's analysis highlights the fact that the court rejected the notion that fee-shifting remedies are grounded in an indemnity theory. If they were so grounded, in a case such as *Kaufman*, the prevailing party would be entitled to reimbursement of a percentage fee, even if this were to result in an effective hourly rate far exceeding the prevailing hourly rate.

Applying these principles here, we conclude that the trial court should have considered all of the hours reasonably expended by all of Appellant's attorneys in its calculation of a fee to be awarded to the insured. Under the plain language of the statute and our controlling precedent, the entitlement to a reasonable fee is Appellant's right, not his attorney's.[3] Appellant's legal obligation to his attorneys had no bearing on the methodology for calculating a reasonable fee. Appellee's argument that the fee-shifting statute only permits the court to "**reimburse** [Appellant] for the attorney's fees **incurred**" ignores the plain language of the statute and distorts its objective. Indemnity is not the objective of this statute. This statute is calculated to level the playing field so that aggrieved insureds can find competent counsel to represent them. This is especially true

---

[3] On this basis we distinguish *Liberty Mutual Insurance Co. v. Holbrook*, 861 So. 2d 1216 (Fla. 2d DCA 2003), upon which Appellee relies. In that case, the attorney, who had forfeited her fee by withdrawing, intervened in the action and asserted entitlement to a fee in her own right. *Holbrook*, 861 So. 2d at 1217. Consistent with our precedents in *Fortune Insurance Co. v. Gollie*, 576 So. 2d 796 (Fla. 5th DCA 1991), and *Kirschner v. Biritz*, 843 So. 2d 349 (Fla. 5th DCA 2003), our sister court properly rejected the attorney's claim to fees. *Holbrook* did not address the situation we have here, where the insured is the party seeking the fee to which the insured is statutorily entitled.

in small cases such as this one, where a percentage formula alone would not provide the incentive for a lawyer to undertake a case involving the potential commitment of many hours and substantial costs. The statute is also intended to dissuade insurers from delaying or denying the payment of legitimate claims.

We have not overlooked Appellee's argument that our decision might result in a windfall to Appellant if he recovers fees that he is not obligated to pay either his past or present attorneys. The factual basis for this assertion is unclear on this record. Nevertheless, we note that the flip-side is that an insurer might reap a windfall if it is ordered to pay a fee that is less than the "reasonable sum" mandated by the statute. In the rare circumstance that this Hobson's choice actually occurs, we think the statutory language mandates that any alleged windfall inure to the insured.[4] *See Buckley Towers Condo., Inc. v. Katzman Garfinkel Rosenbaum, LLP*, 519 F.App'x  657, 666 n.12 (11th Cir. 2013) (explaining that client should be entitled to excess amount resulting from difference between attorney's fee recovered and attorney's fee due).

REVERSED AND REMANDED, as to appeal; AFFIRMED as to cross-appeal.

TORPY, EDWARDS and EISNAUGLE, JJ., concur.

---

[4] The fact that this case is one of first impression suggests that this is a rare circumstance and that law firms more often offer the client served by a departing lawyer the opportunity to continue with the firm, providing the form of notice authorized by Rule Regulating The Florida Bar 4-5.8(d).