[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12257

Non-Argument Calendar

_____

DEIRDRE LEVESQUE,
TIMOTHY LEVESQUE,

                                        Plaintiffs-Appellees,

*versus*

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:15-cv-14005-KAM

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

This is a diversity case in which Government Employees Insurance Company ("GEICO") appeals from the district court's calculation of attorney's fees as damages. Because we agree with GEICO that the district court improperly calculated the damages award, we vacate and remand.

## BACKGROUND

We have previously detailed the factual background of this case the first time it came before us. *See Levesque v. Gov't Emps. Ins. Co.*, 817 F. App'x 670 (11th Cir. 2020) ("*Levesque I*"). For convenience, we summarize it again here.

In August 2011, Deirdre Levesque was injured while working as a receptionist at an animal hospital. She was crouched down inside a client's open car door when another client backed her car into the door, pinning Levesque. As a result of the accident, Levesque suffered a fractured clavicle and scapula, a fractured and rotated sternum, a punctured lung, and fractured ribs.

At the time of the accident, Levesque and her husband had non-stacking uninsured motorist ("UM") coverage from GEICO. When Levesque contacted GEICO to tell it that she would likely make a claim on her UM policy, it delayed its investigation into the exact scope of Levesque's injuries and instead spent the next

several months focused mainly on Levesque's ability to recover from other sources. After GEICO learned that another insurer had agreed to pay Levesque, it immediately wrote to Levesque, stating that "it appears that you have been fairly compensated" and asking Levesque to "advise if you are seeking uninsured motorist coverage from GEICO."

The Levesques sued GEICO in Florida state court seeking to require GEICO to tender its policy. After almost two years of litigation, GEICO decided to "confess judgment." So the court entered judgment for the Levesques for the $100,000 policy limit.

In that case ("UM Case"), the Levesques had agreed with their attorneys to a contingency-fee agreement with an "alternative fee recovery clause." An alternative fee recovery clause "provides for an attorney's fee of the greater of either (i) a specified fee if the fee is paid by the client, or (ii) a court-awarded reasonable fee if the fee is paid by a third-party pursuant to a fee-shifting provision." *First Baptist Church of Cape Coral, Fla., Inc. v. Compass Constr., Inc.*, 115 So.3d 978, 981 (Fla. 2013). The clause in the Levesques' contract stated,

> I hereby agree to pay for the cost of investigation, and should it be necessary to institute suit, court costs and other costs paid on my behalf, but only if a recovery is made on my behalf. As compensation for their services, I agree to pay my said attorneys, or an amount awarded by the Court, whichever is greater:

[Providing for percentage contingencies based on the stage of litigation, including 40% if judgment is entered for less than $1 million]

e) In the event attorney[']s fees are recovered pursuant to any state or federal statute, I agree to pay my attorneys the greater of the statutory fee or contingency fee stated above.

. . .

If there is a statute, rule or other authority which entitles the client to recover attorney's fees from a defendant under any circumstances, and the court awards fees, client shall not be limited by this fee agreement in any award of fees by the court, as client agrees to pay attorney a reasonable attorney's fee. Any fee awarded by the court that exceeds the amount of the fee paid by the client under the contingency fee agreement shall become the property of the attorney.

Because the Levesques obtained a judgment against GEICO for $100,000, they owed their attorneys the greater of 40% of $100,000 or any attorney's fees awarded by the court. The court did not award any attorney's fees in the UM Case, so under the Levesques' agreement with their counsel, they owed their attorneys $40,000.

In the meantime, though, the Levesques sued GEICO again, alleging it had acted in bad faith in violation of Florida Statutes § 624.155 ("Bad-faith Case"). In a bad-faith action, the recoverable

damages "shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, *reasonable attorney's fees and costs*, and any damages caused by a violation of a law of this state."    Fla. Stat. § 627.727(10) (emphasis added).

The parties stipulated pretrial that the "total amount of damages sustained by Deirdre Levesque and Timothy Levesque as a direct and proximate result of the collision" was a fact to be determined by the jury, while the "amount of any attorney's fees and costs reasonably incurred by the Levesques" was an issue of law reserved for the court.

At trial, the jury found that GEICO had acted in bad faith and awarded the Levesques damages totaling $317,200.  But the district court determined that setoffs from collateral sources of recovery reduced the jury award to $0, and it entered judgment for GEICO.  The district court also denied the Levesques' motion for attorney's fees, holding that the amount of attorney's fees expended in the UM Case was an aspect of damages that needed to have been proven and submitted to the jury.  The Levesques appealed.

On appeal, a panel of this Court affirmed the reduction of the award to $0 but determined that the district court was wrong to hold that the issue of attorney's fees had to be submitted to the jury. *Levesque I*, 817 F. App'x at 675.  We explained that the pretrial stipulation allowed the court to determine the attorney's fee award, even when it was an element of damages. *Id.* at 674.  Then

we vacated the entry of judgment in GEICO's favor and remanded to allow "the district court [to] determine the amount of any reasonable attorneys' fees the Levesques incurred in [the UM Case]." *Id.* at 675.

On remand, the Levesques asked the district court to use the lodestar method to calculate the attorney's fees that they incurred in the underlying UM Case and argued that "the amount of attorney's fees is not limited to the contingency fee because the retainer agreement includes an alternative fee recovery clause." GEICO disagreed. It asserted that the Levesques were entitled to an award in only the amount they actually owed to the UM Case attorneys.

The district court agreed with the Levesques. Ultimately, it used the lodestar method to calculate a reasonable attorney's fee award from the UM Case—$94,542.50 in attorney's fees and $2,465.54 in costs. GEICO appeals.

## STANDARD OF REVIEW

This case requires us to determine the correct construction of the Florida statutes—a question of law we review de novo. *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019).

## DISCUSSION

### A.    *The Relevant Florida Statutes*

We begin by summarizing the relevant Florida statutes, starting with Fla. Stat. § 627.428. Under that statute, generally, an

insured who wins a suit against her insurer may recover reasonable attorney's fees.  But the general provision for attorney's fees does "not apply to any action brought . . . against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident."  Fla. Stat. § 627.727(8); *see also State Farm Mut. Auto. Ins. Co. v. Petersen*, 855 So. 2d 1248, 1250 (Fla. 4th DCA 2003).

So but for the disputed-coverage exception, fee-shifting is not statutorily available when an insured successfully sues her UM insurer to obtain benefits under the policy.  No one argues that the disputed-coverage exception is implicated here, so in the UM Case, the Levesques had no statutory right to recover their attorney's fees from GEICO.

But as we have noted, if the plaintiff believes that her UM insurer acted in bad faith, she may file a separate lawsuit, as the Levesques did here.  *See* Fla. Stat. § 624.155; *Levesque I*, 817 F. App'x at 672.  And in the second, bad-faith suit, the recoverable *damages* include attorney's fees and costs expended in the original action:

> The *damages* recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the *total amount of the claimant's damages, including* the amount in excess of the policy limits, any interest on unpaid benefits, *reasonable attorney's fees and costs*, and any damages caused by a violation of a law of this state. The total amount of the

claimant's damages is recoverable whether caused by
an insurer or by a third-party tortfeasor.

Fla. Stat. § 627.727(10) (emphases added).

Section 627.727(10), though, must be read alongside Fla. Stat. § 624.155(8). That provision explains that the "damages recoverable [in a bad-faith action] shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the authorized insurer and may include an award or judgment in an amount that exceeds the policy limits." *Id.* § 624.155(8).

Another subsection of § 624.155—subsection (4)—provides for fee-shifting in the bad-faith action when the plaintiff is successful. *Id.* § 624.155(4) ("Upon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff.").

> B.    *Florida law requires the conclusion that the Levesques may recover their attorney's fees from the UM Case only as a part of their damages, and so they are limited to recovering only what they were liable to pay their attorneys.*

With that statutory framework in mind, we move on to how Florida has applied it in cases like the Levesques'. After all, the Levesques sued GEICO under Florida law, so as a federal court

sitting in diversity jurisdiction, we are bound under *Erie*[1] to apply the law as Florida courts would. *See Fox v. Ritz-Carlton Hotel Co.*, 977 F.3d 1039, 1049 (11th Cir. 2020). We start by considering whether the Florida Supreme Court has addressed the issue. *Id.* If it has not, we must "adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Id.* (quoting *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014)).

Our research reveals no Florida Supreme Court case addressing the precise issue here. But a recent intermediate appellate-court case—*Milling v. Travelers Home & Marine Ins. Co.*, 311 So. 3d 289 (Fla. 2d DCA 2020)—does consider it.

The facts of *Milling* are much like those here. Indeed, just as the Levesques sued GEICO after it denied her claim for UM benefits, Milling sued Travelers after it denied her claim for UM benefits. *Milling*, 311 So. 3d at 290. And similar to GEICO's ultimate position, Travelers did not contest coverage. *Id.* Then just as the Levesques asserted here about GEICO, Milling alleged that Travelers failed to settle her claim in good faith. *Id.* And once again, like the verdict the Levesques received against GEICO, Milling ultimately obtained a jury verdict for more than her policy limit. *Id.* In *Milling*, the parties entered into a partial stipulated judgment that resolved the liability for the bad-faith claim but reserved the

---

[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

issue of attorney's fees and costs for the court to determine. *Id.* at 290–91.

The parties both filed motions for summary judgment on attorney's fees. *Id.* at 291. Milling argued that under sections 624.155(8) and 627.727(10), she was entitled "to all fees incurred in the underlying UM Suit as damages in the first-party, bad-faith action against Travelers." *Id.* She also claimed prevailing-party fees in the bad-faith action under § 624.155(4). *Id.* Travelers responded, asserting that attorney's fees incurred in furtherance of a UM action were not recoverable in a bad-faith suit. *Id.* The court denied Milling's motion in part and granted Travelers' motion in part. *Id.*

On appeal, the Second District reversed in part. The court first clarified that § 624.155(4) "provides for prevailing party fees that a plaintiff incurs prosecuting the bad faith action." *Id.* at 292. Then, it explained that "the [bad-faith] statute also provides for fees [from a UM case] as a form of damages." *Id.* (citing § 624.155(8)). And it further stated that § 627.727(8) "precludes an award of prevailing party attorney's fees in favor of an insured in a UM action unless UM coverage was disputed." *Id.* at 293.

The court disagreed with the trial court's conclusion that "Milling's position [that she could recover fees as damages] would render section 627.727(8) meaningless." *Id.* As the court explained, "Because UM coverage was not contested, the trial court was correct insofar as Milling is not entitled to recover prevailing party attorney's fees incurred in the underlying UM case . . . ." *Id.* But

because Milling sought fees as *compensatory damages*, she should have been allowed to pursue them.  *Id.*

So when a plaintiff wins a bad-faith action after she previously won an action where she sued her UM insurer to obtain benefits under her policy, attorney's fees for each case—though recoverable only in the bad-faith action—are handled differently.  The fees from the UM case are part of the damages award in the bad-faith case and are subject to the rule that they must be "a reasonably foreseeable result of a specified violation."    Fla. Stat. § 624.155(8).  In contrast, the fees incurred in prosecuting the bad-faith case are awarded under a fee-shifting statute that entitles the insured to "reasonable attorney's fees."  *Id.* § 624.155(4).

The question remaining is the *measure* of those damages awarded under § 627.727(10), which *Milling* also answers.

The court explained that "Milling is only entitled to recover as compensatory damages those attorney's fees that would make her whole."  *Id.* at 294.  "In other words, unless she was obligated to pay her UM Attorneys for their legal services, she wasn't damaged at all, and any fees for such services are therefore not awardable as damages even if she was the prevailing party in the bad faith action."  *Id.*  Milling's agreement with her UM attorneys had an alternative fee recovery clause substantively the same as the Levesques'.  *See id.*  As the court explained,

> Under this agreement Milling is responsible for payment to her UM Attorneys of forty percent of the recovery.   If her UM Attorneys obtained a court-

awarded fee that was higher than forty percent of the recovery, then Milling agreed to pay them the higher amount. While Milling is entitled to compensatory damages, under the agreement she is not liable to her UM Attorneys for an hourly rate beyond the forty percent.

*Id.*

Milling was entitled to recover as damages only the amount that she had to pay her UM attorneys. The alternative fee recovery clause didn't change that amount because Milling didn't recover a higher attorney's fee award in her UM action (as there was no statutory basis to do so). So Milling could get as damages in her bad-faith action only the 40% of her recovery that she was bound to pay to her UM attorneys.

And the same must be true here—the Levesques' attorney's fees damages recovery is limited to the contingency fee—unless we find "some persuasive indication that [Florida's] highest court would decide the issue otherwise." *Fox*, 977 F.3d at 1049. We find no such indication and instead find it likely that the Florida Supreme Court would interpret the relevant statutes in the same way as the Second District.

The texts of § 627.727(10) and § 624.155(8) reveal that attorney's fees in a bad-faith action are to be treated as compensatory damages (rather than as fees subject to a fee-shifting provision). Section 627.727(10) calls the fees from a UM case "damages." And § 624.155(8) says that the claimant can recover "damages which are

a reasonably foreseeable result" of the insurer's bad faith. Expending attorney's fees to initiate an original action to obtain the insurer's payment under a UM policy is a reasonably foreseeable result of an insurer's bad-faith failure to pay. *See Levesque I*, 817 F. App'x at 674 ("[A]ny attorneys' fees incurred while bringing the initial suit were proximately caused not by the collision, but by GEICO's decision not to immediately pay the Levesques under the terms of the policy.").

So the attorney's fees referenced in § 627.727(10) comprise an element of compensatory damages. That is, they are intended to make the plaintiff whole. As the Florida Supreme Court has explained, "[T]he damages awarded should be equal to and precisely commensurate with the injury sustained." *MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 224 (Fla. 2008) (citation and quotation marks omitted). Compensatory damages should not "bestow a windfall on plaintiffs." *Id.*

Nor does the alternative fee recovery clause in the Levesques' agreement with their UM Case attorneys change the fact that the attorney's fees awarded under § 627.727(10) as damages must be limited to the amount needed to compensate the Levesques. The Levesques agreed to pay their UM Case attorneys the greater of 40% of their recovery or any court-awarded fee. Florida "follows the 'American Rule'", so a court may award attorney's fees only in accordance with a statute or an agreement of the parties. *Dade Cnty. v. Pena*, 664 So. 2d 959, 960 (Fla. 1995). As we have discussed, no statute provided a basis for a court-awarded fee

in the Levesques' UM Case—UM cases are generally excepted from fee-shifting in insurance cases, Fla. Stat. § 627.727(8)—so the American Rule applied and the Levesques did not receive a court-awarded fee in the UM Case.[2]

The Levesques argue that the alternative fee recovery clause contractually obligated them to assist their attorneys in the recovery of a reasonable attorney fee and that they are therefore now entitled to an award of reasonable attorney's fees expended in the UM Case. This is circular reasoning. To be sure, the Levesques would have to pay their attorneys a recovery of reasonable attorney's fees based on the lodestar method if the court awarded those fees in the UM Case. But the Levesques' alternative fee recovery clause cannot create its own basis for fee-shifting. *See Forthuber v. First Liberty Ins. Corp.*, 229 So.3d 896, 899 (Fla. 5th DCA 2017) (explaining that, if a party wishes to recover a fee in excess of the amount he was "contractually obligated to pay [his] lawyer," he must first establish his entitlement to recovery "under a fee-shifting statute"). Only the legislature (or the parties, if they so agree in a contract) can do that.

So the alternative fee recovery clause in the Levesques' contract with their attorneys has no effect on the fees the Levesques may recover, in the Bad-faith Action, as damages incurred in the UM Case. The Levesques were obligated to pay their attorneys

---

[2] And no one has argued that there is a contractual provision between the Levesques and GEICO that provided fee-shifting.

40% of their $100,000 recovery.  And now, in the Bad-faith Action, they can recover that $40,000 as *damages* under § 627.727(10) and § 624.155(8) because expending those fees on their attorneys was a reasonably foreseeable result of GEICO's bad faith.[3]

The Levesques can recover as damages in the Bad-faith Action the amount expended as attorney's fees in the UM Case that would make them whole.  They cannot make *their attorneys* whole for time and expenses above the amount that the attorneys agreed the Levesques would pay them.

> C.    *There is no basis under Florida law for offsetting the fee award against benefits received by the Levesques.*

GEICO also argues that the district court erred by failing to reduce the attorney's fee award to account for insurance benefits the Levesques received from third-party sources.  If GEICO is correct, that reduction would wipe out the entire value of the award.

---

[3] In addition, and not at issue in this appeal, under § 624.155(4)—the fee-shifting statute for the Bad-faith Action—the Levesques can recover the reasonable attorney's fees they expended in pursuit of the Bad-faith Action.  The *Milling* court explained the measure of those fees as well: "Litigation of the existence and amount of Milling's damages—including whether and how much of the fees incurred litigating the UM action were the natural, proximate, probable, or direct consequence of the insurer's bad faith actions—was a part of the prosecution of the Bad Faith Suit.  As such, attorney's fees incurred for such litigation should be awardable as prevailing-party fees in the bad faith case." *Milling*, 311 So. 3d at 293.  That, however, is not relevant to the issue here and should instead be considered by the district court when it resolves the Levesques' pending motion for attorney's fees under § 624.155(4).

The Levesques respond that GEICO forfeited this argument by failing to raise it in the district court. And, in any event, they argue that neither provision of Florida law on which GEICO relies, *see* Fla. Stat. §§ 627.727(1), 768.76(1), entitles GEICO to a reduction in the award.

We need not determine whether GEICO preserved its setoff argument because we agree with the Levesques that the argument lacks merit. Under section 627.727(1), "GEICO [is] entitled to a credit against the Levesques' damages to the extent the . . . award duplicate[s] the benefits available to the Levesques from workers' compensation or personal injury protection." *Levesque I*, 817 F. App'x at 674 (citing *State Farm Mut. Auto. Ins. Co. v. Siergiej*, 116 So. 3d 523, 528 (Fla. 2d DCA 2013)). "'Benefits' in the automobile casualty insurance context traditionally means the amount an insurer must pay on account of an insured's injuries that fall within the scope and limits of coverage." *Ellison v. Willoughby*, 326 So. 3d 214, 222 (Fla. 2d DCA 2021). Although GEICO lists the benefits available to the Levesques, it does not argue that any of those benefits included the payment of attorney's fees "within the scope . . . of coverage." *See id.* So, it has not satisfied its burden of proving an entitlement to a set-off. *See Aetna Cas. & Sur. Co. v. Langel*, 587 So. 2d 1370, 1373 (Fla. 4th DCA 1991) ("[T]he burden is on the UM carrier to demonstrate that the [benefits] to whatever extent constituted a duplication of the amount awarded by the [court].").

Section 768.76 does not assist GEICO either. That section requires a court to "reduce the amount of [a compensatory

21-12257                Opinion of the Court                17

damages] award by the total of all amounts which have been paid for the benefit of the [plaintiff], or which are otherwise available to the [plaintiff], from all collateral sources." Fla. Stat. § 768.76(1). But GEICO does not dispute the Levesques' contention that "[s]ection 768.76 has no application here" because the section is located "in chapter 768 of the Florida Statutes regarding 'negligence,'" is limited in "its application to negligence claims," and does not apply to "bad faith suit[s]."

## CONCLUSION

For these reasons, we vacate the judgment and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**